LAWRENCE CAVENAUGH v. ELMORE JAKEWAY AND EBE-
NEZER JAKEWAY.

Irregularities in a sale, under an execution, must be corrected by applying to the court
out of which the writ issued, to set the sale aside.  There must be fraud to give
this Court jurisdiction; irregularity is not sufficient.

DEMURRER to a bill to set aside a sale on execution.

A judgment was recovered in the Circuit Court for the
county of Berrien, in April, 1840, by Jehiel Enos, against
complainant, as principal, and one Johnson as surety, for
$58.91 and costs of suit, and execution issued upon it to
the sheriff, for $117.82, and levied upon the west half of
the northwest quarter of section thirteen, town four south,
of range eighteen west, and the north half of the north-
west quarter of section twenty-four, of the same town and
range, belonging to complainant.   On the 20th day of Ju-
ly, 1840, the sheriff sold the two lots together, instead of
separately as the statute requires, R. S. 324, § 9, to the
defendant, Elmore Jakeway, for $131.40, and gave him a
certificate for a deed in two years, unless the lots were
redeemed within that time.   Elmore Jakeway assigned
the certificate to Ebenezer Jakeway, to whom the sheriff
deeded the lots, after the expiration of the two years.
The bill stated that the two lots were worth $1,500 when
they were sold; that either one of them was at that time
worth $300; and that complainant had been prevented
from redeeming either one of them, by reason of their ha-
ving been sold together.

*Miller*, in support of the demurrer.

*Bacon*, contra.

Cavenaugh *v.* Jakeway.

THE CHANCELLOR. It was clearly the duty of the officer to have sold the lots separately; and, by selling them together, he has probably incurred the penalty given by the fifth section of the act. When several known lots, tracts, or parcels, are levied on, the ninth section requires them to be separately exposed for sale. This, however, is directory to the officer merely, and a non-compliance on his part will not make the sale void. The irregularity must be corrected by applying to the court out of which the execution issued, to set the sale aside. Whether the irregularity would affect a purchaser, not a party to the suit, as in the present case; or whether, he being a party, the Court would set aside the sale after the two years' redemption had expired, it is not necessary for this Court to decide; nor can any such consideration give it jurisdiction, where it has none in the first instance.

There must be fraud to give this Court jurisdiction; irregularity is not sufficient. Chancellor Kent said, in *Shottenkirk* v. *Wheeler*, 3 *J. C. R.* 280, that there was no case in which equity had undertaken to question a judgment for irregularity. Every court has power to control its own process, in such a way as to prevent the abuse of it. It has as much power over its process, as any other proceeding before it. *Stratford* v. *Twynam*, 1 *Jac. R.* 418.

The bill does not make out a case of fraud. It alleges the lots were worth $1,500, when they were sold, and that they sold for $131.40 only. If the sale had been absolute, the great inadequacy of price would be a strong badge of fraud; but it cannot be so considered, when it is recollected complainant had two years to redeem in, by paying the $131.40, with ten per cent interest.

Demurrer allowed, and bill dismissed with costs.